IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL REEVES AND LARAE REEVES | § § § | |
| VS. | § § | CIVIL ACTION NO. 1:19-cv-192 |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY (AKA UPC INSURANCE COMPANY | § § § § | |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, BEAUMONT DIVISION:

COMES NOW, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("Defendant" or "UPC"),** in the above entitled and numbered cause, and presents this, its Notice of Removal of the suit styled Michael Reeves and Wife, Larae Reeves vs. United Property & Casualty Insurance Company, bearing cause no: D-203545, and pending in the 136th District Court of Jefferson County, Texas, where the suit was instituted, to this United States District Court for the Eastern District of Texas, Beaumont Division. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Expressly reserving all questions other than that of removal, Defendant respectfully shows that removal is proper as follows:

# I.
# INTRODUCTION

1.1. Plaintiffs are Michael Reeves and Larae Reeves, residents and citizens of Texas.

1.2. Defendant United Property & Casualty Insurance Company was, at the time this action was commenced, and still is, a Florida corporation organized and incorporated under the laws of Florida with its principal place of business in Florida. UPC is a citizen of Florida. UPC is not a citizen of Texas. It is authorized to do business in the State of Texas. UPC has obtained a certificate of authority under Chapter 982 of the Texas Insurance Code, titled Foreign and Alien Insurance Companies.

1.3. Because Plaintiffs are citizens of Texas and UPC is a citizen of Florida, and not Texas, complete diversity of citizenship exists among the parties.

# II.
# FACTUAL AND PROCEDURAL BACKGROUND

2.1. On March 21, 2019, Plaintiffs filed this lawsuit against UPC in the 136th District Court in Jefferson County, Texas.

2.2. Plaintiff served UPC with a copy of the Original Petition on April 1, 2019. Plaintiff made a jury demand in his Original Petition.

2.3. UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. See 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id*.

2.4. As required by the local rules and 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" is an Index of Matters Being Filed.

# III.
# BASIS FOR REMOVAL

3.1. Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a), 1441(a) and 1446. Plaintiffs are an individual resident and citizen of the State of Texas. UPC is a Florida corporation organized and incorporated under Florida law that maintains its principal place of business in Florida. UPC is a citizen of Florida and not a citizen of Texas.

3.2. Additionally, this is a civil action wherein the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. 1332(a). Plaintiff alleges that UPC is liable under a residential insurance policy because Plaintiff made a claim under that policy and UPC allegedly wrongfully adjusted Plaintiff's claim. Plaintiff seeks actual damages, treble damages, statutory interest and penalties, court costs, and attorney's fees. Although Plaintiff fails to comply with Texas Rule of Civil Procedure 47 by stating a specific range of damages, Plaintiff's Petition alleges that "the estimated damages" is "$27,648.87" and that "Defendant, knowingly engaged in unfair claim settlement practices in violation of Section 541.060," which indicates that Plaintiffs seek treble damages that renders their claim for damages in excess of $75,000. Because it is clear from the face of the Petition that the amount in controversy exceeds $75,000.00, removal is proper. Plaintiff also alleges she is entitled to attorney's fees.

3.3. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

3.4. UPC will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

# IV.
# **PRAYER**

4.1     This case is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332.  Removal of this case is proper under 28 U.S.C. §1441 and in conformance with 28 U.S.C. §1446.  For these reasons, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** removed this case from the 136th District Court in Jefferson County, Texas, to this Court and prays that this Court enter such orders and grant such relief as may be necessary to secure such removal.

Respectfully submitted,

By:     */s/ James H. Hunter, Jr.*

James H. Hunter, Jr.
Attorney-in-Charge
State Bar No. 00784311
Fed. ID No. 15703
E-Mail:  jim.hunter@roystonlaw.com
55 Cove Circle
Brownsville, Texas 78520
Tel:  956-542-4377
Fax:  956-542-4370
**ATTORNEY FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY**

OF COUNSEL:

Esteban Delgadillo
State Bar No. 24087406
Fed. ID No. 2149087
esteban.delgadillo@roystonlaw.com
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
Brownsville, Texas 78521
(956) 542-4377 (Telephone)
(956) 542-4370 (Facsimile)

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that a true and correct copy of the above and foregoing document has been forwarded *via facsimile, Regular U.S. First Class Mail, certified mail, return receipt requested and/or E-Mail* to all counsel of record on this **21st** day of April 2019, as follows:

Bruce Gregory
Gregory Law Firm
1617 Magnolia Ave.
Port Neches, Texas 77651
Tel: 409.727.0900
Fax: 409.727.0902

                    */s/ James H. Hunter, Jr.*
                    Royston, Rayzor, Vickery & Williams, LLP